UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD B. MCCANN, | : | CIVIL ACTION NO. 3:CV-07-1926 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| MARILYN BROOKS, | : | |
| | : | |
| Respondent | : | |

**FILED
SCRANTON**

AUG 1 4 2008

PER _____

**MEMORANDUM AND ORDER**

Petitioner, Donald McCann, filed the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  He attacks a conviction imposed by the

Court of Common Pleas for York County, Pennsylvania. (Doc. 1).  For the reasons

that follow, the petition will be denied.

**I.     Background**

The following background has been extracted from the Pennsylvania

Superior Court's August 23, 2006 Opinion affirming the denial of McCann's

petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A.

§§ 9541, et seq. ("PCRA").  (Doc. 14, Pennsylvania Superior Court Opinion at pp.

1-2).

1

Following the events of one night in March 2003, Appellant was charged with attempted homicide, aggravated assault, assault, terroristic threats, burglary, rape, involuntary deviate sexual intercourse, sexual assault and indecent assault. A jury found Appellant guilty of rape, involuntary deviate sexual intercourse, sexual assault, indecent assault, assault and terroristic threats. He was subsequently sentenced to an aggregate sentence of ten to twenty years' imprisonment. Following the denial of Appellant's post-sentence motions, a direct appeal was filed. That appeal was dismissed by another panel of this Court for failure to file an appellate brief.

Up to that point, Appellant had been represented by Kurt A. Blake, Esquire. New counsel, Elliott J. Segel, Esq., filed a timely PCRA petition on Appellant's behalf, raising multiple instances of ineffective assistance of counsel.[1] Following a hearing, the PCRA court denied Appellant relief. This appeal followed.

(Doc. 14, Pennsylvania Superior Court Opinion at pp. 1-2). On appeal to the

Pennsylvania Superior Court, Petitioner raised the following claims for review:

1.  Trial counsel was ineffective for failing to move for a mistrial or object to references made by the arresting officer about a polygraph during a taped interview with Petitioner.

2.  Trial counsel was ineffective for failing to "guard against

---

[1] The PCRA court acknowledged Attorney Blake's ineffectiveness for failing to file a brief on direct appeal and offered to reinstate Appellant's direct appellate rights. Appellant refused that relief, waived the issue of Attorney Blake's ineffectiveness in that regard and chose to pursue only instances of ineffectiveness occurring during trial. Trial Court Opinion, 6/20/05, at 3-4.

2

the improper use of prior consistent statements of the complaining witness."

3.      Trial counsel was ineffective for failing to object to the arresting officer's "repeated, improper bolstering and vouchering for the credibility of the alleged victim."

4.      Trial counsel was ineffective for impeaching a defense witness by bringing up the witnesses's criminal history.

5.      Trial counsel was ineffective for failing to call character witnesses to attack the victim's credibility.

6.      Trial counsel was ineffective for failing to establish that the victim had a motive to falsely accuse McCann of the charges.

Id. By Memorandum Order filed August 23, 2006, the Pennsylvania Superior Court affirmed Petitioner's conviction. Id. No petition for allowance of appeal to the Pennsylvania Supreme Court  was filed.

On September 12, 2007, McCann filed the instant petition for writ of habeas corpus in which he raises the following issues:

1.      Trial counsel refused to argue insufficient evidence.

2.      Trial counsel refused to file an appeal in this case.

3.      Trial counsel failed to properly and adequately prepare for a defense.

4.      Trial counsel refused to call four (4) defense witnesses

3

who were available and willing to testify where defense counsel was made aware of the witnesses and presented with addresses and phone numbers.

5.    Trial counsel failed to adequately cross examine the complainant concerning her perjured testimony about the events that unfolded where she claimed her trailer was trashed by defendant, however, the photos revealed no such claim.

6.    Trial counsel failed to investigate the complainant's background.

7.    Trial counsel failed to properly cross examine the trooper who took the photographs of the complainant's trailer.

8.    Trial counsel refused to argue the "actual innocence" claim where the defendant is not guilty of the charges in which he was convicted.

9.    Trial counsel was ineffective for failing to "guard against the improper use of prior consistent statements of the complaining witness."

10.   Trial counsel was ineffective for failing to move for a mistrial and/or object to the arresting officer's repeated reference to a polygraph examination elicited during the Commonwealth's direct examination of the officer.

11.   Trial counsel was ineffective far failing to object to the arresting officer's repeated, improper bolstering and vouching for the credibility of the complaining witness.

12.   Trial counsel was ineffective for impeaching a defense witness by bringing up the witnesses's criminal history.

4

13. Trial counsel was ineffective for failing to call character witnesses to attack the victim's credibility.

14. Trial counsel ineffective for failing to establish that the victim had a motive to falsely accuse McCann of the charges.

(Doc. 1, petition).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), a formal notice was issued to McCann that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 9). McCann returned the notice of election form, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (Doc. 10). Thus, a Show Cause Order was issued on January 14, 2008. (Doc. 11). On February 4, 2008 the District Attorney of York County filed a response to the petition. (Doc. 14). On February 20, 2008, McCann filed a traverse. (Doc. 18).

## II.   Standards of Review

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68 (1991); Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

### A.   Exhaustion

A habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973).  However, habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. §

6

2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation is accomplished "by invoking one complete round of the State's established appellate review process," thereby alerting the state courts to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 845 (1999); Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002). A claim is fairly presented when there is:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d)

7

allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, in certain circumstances the federal court will excuse the failure to exhaust and treat the claims as exhausted. Teague v. Lane, 489 U.S. 288, 297-98 (1989); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless, 172 F.3d at 260; Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate

8

actual prejudice, the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

Petitioner's issues, numbered 1 - 8, have not been exhausted, in that Petitioner has not previously raised these claims before the state courts. Procedural rules now bar McCann from pursuing these issues in state court.[2] Accordingly, he

---

[2]The time period for filing a second PCRA has expired. 42 Pa.C.S. § 9545(b)(1) (setting a one year limitations period). McCann raises no argument, and the record suggests no possibility, that his claims fall within an exception to the limitations period for filing a petition under the PCRA. Id. (permitting petitions to be filed more than one year after judgment if the failure to raise the claim is attributable to government interference, the facts underlying the claim could not have been ascertained previously, or the claim involves rights newly recognized and retroactively applied by the Supreme Court).

9

has procedurally defaulted on these claims.  The exceptions to procedural default do not apply in this case.  McCann has not averred cause for[3], or prejudice by, the default.  He has not demonstrated his actual innocence such that a lack of review by the court would constitute a fundamental miscarriage of justice.  See McCandless, 172 F.3d at 260.  Consequently, he is precluded from pursuing federal habeas corpus relief with regard to these issues.  Thus, only the merits of claims, numbered 9-14, will be addressed.

## B. Merits

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the

---

[3]To the extent that McCann alleges that the claims were not raised before because his counsel failed to assert them both on direct appeal and in his PCRA petition, a claim that trial counsel was ineffective and therefore the cause of his procedural default is an independent constitutional claim which must first be raised in state court. Edwards v. Carpenter, 529 U.S. 446 (2000).

10

facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it

is not sufficient for the petitioner to show merely that his interpretation of Supreme

Court precedent is more plausible than the state court's; rather, the petitioner must

demonstrate that Supreme Court precedent requires the contrary outcome." Matteo

v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will

only find a state court decision to be an unreasonable application of federal law if

the decision, "evaluated objectively and on the merits, resulted in an outcome that

cannot reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume

that a state court's findings of fact are correct.  A petitioner may only rebut this

presumption with clear and convincing evidence of the state court's error.

Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and

convincing standard in § 2254(e)(1) applies to factual issues, whereas the

unreasonable application standard of § 2254(d)(2) applies to factual decisions);

Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005).

This presumption of correctness applies to both explicit and implicit findings of

11

fact. <u>Campbell v. Vaughn</u>, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." <u>Mastracchio v. Vose</u>, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); <u>Porter v. Horn</u>, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); <u>see also</u> <u>Torres v. Prunty</u>, 223 F.3d 1103, 1107-08 (9th Cir. 2000); <u>cf.</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." <u>Breighner v. Chesney</u>. 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[4]).

---

[4]"If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. Porter, 276 F. Supp 2d at 296; Williams v. Taylor, 529 U.S. 362, 408-09 (2000); Hurtado v. Tucker, 245 F.3d 7, 16 (1ˢᵗ Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. Porter, 276 F. Supp 2d at 296; Williams, 529 U.S. at 408-09.

## III. Discussion

### A. Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.1994).

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness."

Strickland, 466 U.S. at 688; Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir.2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir.1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions," United States v. Wiener, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. Burger v. Kemp, 483 U.S. 776, 794, (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir.1992). "Without proof of both

14

deficient performance and prejudice to the defense ... it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell, 535 U.S. at 695 (internal quotations and citation omitted). In assessing whether the result of the proceeding might have been different, a reviewing court must consider the "totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695; Jermyn, 266 F.3d at 283. However, "a court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d. Cir. 2006). "The object of an ineffective assistance claim is not to grade counsel's performance. If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

At the time the state court reviewed the claims raised by McCann, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. Under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel

15

claims, but is, in substance, identical to the <u>Strickland</u> test. <u>See, e.g.,</u>

<u>Commonwealth v. Pierce</u>, 515 Pa. 153, 527 A.2d 973, 975-77 (Pa. 1987). The

Third Circuit Court of Appeals has held that Pennsylvania's test for assessing

ineffective assistance of counsel claims is not contrary to <u>Strickland</u>. <u>Jacobs v.</u>

<u>Horn</u>, 395 F.3d 92, 107 n.9 (3d Cir. 2005); <u>Werts v. Vaughn</u>, 228 F.3d 178, 204 (3d

Cir. 2000). Thus, under § 2254(d)(1), the relevant inquiry in addressing an

ineffectiveness claim that has been adjudicated on the merits is whether the

Pennsylvania's Supreme Court's decision involved an unreasonable application of

<u>Strickland</u>. <u>Jacobs</u>, 395 F.3d at 107 n.9; <u>Werts</u>, 228 F.3d at 204.

### 1.    **Prior Consistent Statements**

Petitioner claims that "during direct examination of two (2) of its witnesses,

the same arresting trooper and a nurse, the Commonwealth elicited prolonged and

detailed prior consistent statements allegedly made by the complainant." (Doc. 1,

petition).

In addressing the prior consistent statements, the Pennsylvania Superior

Court found the following:

> Appellant next argues that trial counsel was ineffective for failing to
> "guard against the improper use of prior consistent statements of the

complaining witness." Brief for Appellant at 3.  Specifically, Appellant complains that trial counsel was ineffective for not objecting to the testimony of the arresting officer and a nurse regarding the victim's description of the attack.  We cannot agree.

> Evidence of a prior consistent statement by a witness is admissible for rehabilitation purposes under the Pennsylvania Rules of Evidence in two instances.  First, it is admissible if "the opposing party is given an opportunity to cross-examine the witness about the statement, and the statement is offered to rebut an express or implied charge of fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose." Pa.R.E. 613(c) (1).  Second, it is admissible if "the opposing party is given an opportunity to cross-examine the witness about the statement, and the statement is offered to rebut an express or implied charge of having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness' denial or explanation."

Commonwealth v. Harris, 852 A.2d 1168, 1175 (Pa. 2004).  Here, Appellant sought to annihilate the victim's credibility by establishing that the victim fabricated the allegations against Appellant and that any sexual contact was consensual.  Trial counsel questioned the victim about variations in her testimony at trial and her statements to the nurse and the officer, seeking to establish that she fabricated the allegations against Appellant.  Trial counsel not only had the opportunity to cross-examine the victim about her statements to the officer and the nurse, he did so.  The Commonwealth then elicited testimony from the nurse and the arresting officer to rebut the charge of fabrication leveled by Appellant.  Moreover, the statements in question were made before the charges against Appellant arose;

17

> although the victim knew that Appellant had been apprehended by the
> police, she had no indication of what, if any, charges would be filed
> against him.  Accordingly, the admission of the statements was proper,
> and so trial counsel cannot be considered ineffective for failing to
> object.

(Doc. 14, Pennsylvania Superior Court Opinion at pp. 4-6).

The Superior Court's decision regarding the testimony permitted pursuant to

Pennsylvania Rule of Evidence 613(c), concerns purely a state law issue that is not

reviewable by a federal habeas court. Estelle, 502 U.S. at 67-68.  However, this

Court finds that the state court's decision that trial counsel could not be found

ineffective for acting in accordance with the Pennsylvania Rules of Evidence was

based on a reasonable determination of the facts in light of the evidence presented.

## 2.      Polygraph References

Petitioner claims that trial counsel was ineffective for failing to object to the

"Commonwealth's two (2) references to a polygraph, which occurred when the

arresting state trooper was testifying about his audio-taped custodial interrogation[5]

---

[5]The following exchange, which took place during the taped custodial
interrogation, was played for the jury:
> Defendant:  No, I'm not lying to you sir.
> Trooper:      Okay, you're not lying to me?
> Defendant:  I'm trying to be (inaudible).

18

of appellant." (Doc. 1, petition).

Immediately following the witness' use of the word polygraph, the Court

issued the following instruction:

> THE COURT: Ladies and gentlemen, you heard some reference to
> polygraph. Under Pennsylvania law, reference to polygraph and use
> of polygraph in legal proceedings is not permissible. It's not
> admissible in court proceedings, so reference to polygraph, there's no
> suggestion the Defendant took one, no suggestion that there was one
> administered or results or anything like that.
>
> So, although there was a reference to polygraph, again, I simply
> instruct you of the law in Pennsylvania is that they - - the reference to
> polygraph and/or the results of polygraph are not admissible in legal
> proceedings; therefore, you will disregard reference to that.

---

| | |
|---|---|
| Trooper: | I want to have someone come down with a polygraph, okay? If I can get a polygraph set up, you're going to take it, correct? |
| Defendant: | Correct |
| Trooper: | You're not going to say later you'll change your mind because it's hard to line up a polygraph. So if I get the polygraph and the polygraph come down, okay? You're going to take the polygraph? |
| Defendant: | Yes. If you want me to. |

(Doc. 14, response at pp. 9-10). Following the playing of the audio tape, the officer
was asked to describe the interrogation room. The officer supplied the following
description: "It actually has four chairs in it and a table. The one chair is in the
corner. It's a polygraph chair, and then there's a table and a chair on each side of the
table." (Doc. 16, Notes of Trial Testimony, Nov. 3-7, 2003, p. 311).

19

> And then, trooper, if you will just again move forward to I believe the
> point that's indicated.

(Doc. 16, N.T., p. 295).

Considering the issue regarding the reference to a polygraph, the

Pennsylvania Superior Court articulated a standard which is clearly in line with

prevailing federal law:

> In assessing a claim of ineffectiveness, where it is clear that Appellant
> has failed to meet the prejudice prong, the claim may be disposed of
> on that basis alone, without a determination of whether the other two
> prongs have been met. Commonwealth v. Wilson, 672 A.2d 293, 298
> (Pa. 1996).

(Doc. 14, Superior Court Opinion at p. 4). In applying the standard to the

polygraph reference, the Superior Court found the following:

> Appellant has failed to establish how these incidents have resulted in
> prejudice against Appellant's case. In making his argument, Appellant
> relies on the fact that the arresting officer is responsible for the term
> "polygraph" getting to the jury, and that the references "left the jury
> free to assume and infer that as to THE key issue ... [Appellant] was
> given a polygraph and failed ... ." Brief for Appellant at 17 (emphasis
> in original). We find it unreasonable to conclude that the simple
> mention of the word "polygraph" would lead the jury to conclude that
> Appellant was subjected to and/or failed a polygraph test. This is
> speculation that does not amount to an actual showing that prejudice
> resulted from trial counsel's failure to object to, or seek a mistrial
> because of these statements. Moreover, following the first incident,

20

> the trial court instructed the jury that it must completely disregard the
> mentioning of "polygraph." With regard to the second incident,
> Appellant has failed to point to any authority suggesting that the mere
> mention of the presence of a polygraph chair creates prejudice, and we
> are not persuaded by his argument.

Id. In viewing the polygraph references and the trial judge's cautionary instruction,

as a whole, it is concluded that the Pennsylvania Superior Court's decision that

McCann failed to show that he was prejudiced, is not a misapplication of clearly

established federal law applicable to ineffective assistance of counsel claims.

Rolan v. Vaughn, 445 F.3d at 678.

### 3.   Arresting Officer's "Improper Bolstering"

Petitioner argues that trial counsel should have objected to statements made

by Trooper Tucker during trial. Specifically, McCann objects to the following

exchange during redirect examination:

> Q.   Why didn't you charge her with drug possession?
> A.   Because I think it's overkill?
> Q.   Overkill because of what?
> A.   I didn't charge him; I didn't charge her, you know. She
>      just got raped. It looked kind of - - one thing about
>      America, we have spirit of the law versus letter of the
>      law. If this is England, I would be charging her. It's not
>      England. It was America. Someone tried to kill her.
>      Someone tried to rape her, and I'm not going to charge

21

her for possession of drugs.

Q.    And you didn't charge the Defendant?

A.    No, sir

(Doc. 16, N.T., pp. 321-22). In addition, Petitioner objects to the Trooper's

testimony that the victim's statement to him was "pretty much the same" as what

was testified to at trial. Id. at p. 271. The Superior Court addressed the issue as

follows:

> ...While Appellant is correct that it is improper for the Commonwealth
> to bolster a witnesses' credibility by placing the prestige of the
> government behind the witness through personal assurances of the
> witnesses' veracity or by indicating that information which is not
> before the jury supports the witnesses testimony, see Commonwealth
> v. Randall, 758 A.2d 669, 676 (Pa. Super. 2000), we have considered
> the statements to which Appellant objects and find that the
> Commonwealth did neither. In one instance, the arresting officer was
> asked to explain why, when drugs were involved in the incident, he
> did not charge the victim with any drug-related offenses. In his
> explanation, he states that he did not charge the victim in light of the
> attack she had just suffered, and that in America, he can choose what
> charges to bring. N.T. 11/3/03, at 322. In two other instances,
> Appellant accuses the officer of giving "personal assurances backed
> by the uniform and badge ... of the complainants' credibility" when he
> testified that the victim's statement at trial was essentially consistent
> with the statement she gave at the hospital. Brief for Appellant at 25.
> This testimony was offered in response to the attack on the victim's
> credibility, and was therefore properly admitted. See Commonwealth
> v. Fisher, 764 A.2d 82, 87 (Pa. Super. 2000). Appellant argues that
> the officer was giving a personal opinion regarding the victim's
> honesty and veracity. We have examined the statements in question

22

and cannot agree. Although a police officer uttered the contested words, the statements do not offer personal assurances of the victim's veracity or even a personal opinion as to whether she was truthful; they merely compare the content of statements given at different times. Because there is no merit to this claim, we will not find trial counsel ineffective for failing to object on these grounds.

(Doc. 14, Superior Court Opinion at pp. 6-7).

Vouching is a type of prosecutorial misconduct. It constitutes an assurance by the prosecuting attorney of the credibility of a government witness through personal knowledge or by other information outside of the testimony before the jury. United States v. Walker, 155 F.3d 180, 184 (3d Cir.1998) (citing Lawn v. United States, 355 U.S. 339, 359 n.15 (1958)). In order to find vouching, two criteria must be met: (1) the prosecution must assure the jury that the testimony of a Government witness is credible, and (2) this assurance must be based on either the prosecutor's personal knowledge or other information that is not before the jury. Walker, 155 F.3d at 187.

Aligned with the federal standard, the Pennsylvania Superior Court considered McCann's vouching arguments despite trial counsel's failure to object, and found no merit to the claim. We find no basis for habeas relief based on the state appellate court's approval of those statements and the fact that counsel cannot

23

be deemed ineffective for pursuing a meritless claim. Hartey, 186 F.3d at 372.

### 4.    **Impeachment of Defense Witness**

Petitioner claims that he was prejudiced by trial counsel's elicitation of

defense witness Ronald Dawson's criminal history of a bad check offense,

receiving stolen property, and driving under the influence.

The Pennsylvania Superior Court declined to find counsel ineffective in his

trial strategy, based on the following:

> Appellant next takes issue with the handling of a defense witness. He
> argues that trial counsel was ineffective for impeaching his own
> witness by bringing up the witness's criminal history. Trial counsel,
> however, testified at the PCRA hearing that he brought up the
> witness's criminal history to avoid the impact such information could
> have on the jury if elicited by the Commonwealth. Trial counsel also
> candidly admitted that he was broader in his questioning than need be,
> as he asked the witness about any criminal charges that he has faced,
> not merely criminal convictions, and he questioned the witness about
> crimes not related to honesty or false statement, specifically driving
> under the influence and possession of marijuana. Nonetheless, we
> find that trial counsel's strategy was reasonably designed to serve
> Appellant's best interests, as he was seeking to minimize any impact
> the Commonwealth would have created by revealing that this witness
> had been involved in criminal activity. We decline to find him
> ineffective for this action.

(Doc. 14, Superior Court Opinion at pp. 7-8).

24

Again, McCain has failed to establish that the state court conclusion resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States. Nor has he established that the proceedings resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. Thus, McCann has failed to make a substantial showing that a federally protected right was violated.

## 5.   **Failure to Call Character Witness**

Petitioner claims that trial counsel was ineffective for failing to call Barry Mimna, the victim's ex-husband, to establish that the victim had a poor reputation for truthfulness and veracity.

In order to claim ineffectiveness for failure to call a witness under Pennsylvania law, an appellant must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. Commonwealth v. Todd, 820

25

A.2d 707, 712 (Pa. Super. 2003).

> Applying the Pennsylvania standard, the Superior Court found that

> Appellant has failed to establish most, if not all, of these factors. There is no evidence that the witness was available, prepared to cooperate and testify, or really, even if this witness existed. Moreover, Appellant fails to establish that prejudice resulted from the absence of Mr. Mimna's testimony, as trial counsel had already called witnesses that have accounts contrary to that of the victim, thus casting doubt on her truthfulness and credibility. Accordingly, we will not find trial counsel ineffective for not calling Mr. Mimna.

(Doc. 14, Superior Court Opinion at pp. 7-8).

Counsel's decision not to call Mr. Mimna should "be considered sound trial strategy," Strickland, 466 U.S. at 689, and is entitled to great deference. McCann has not demonstrated that counsel was ineffective in his failure to call this witness in view of the duplicative testimony he would have provided. Thus, Petitioner's claim is without merit.

### 6.    Testimony regarding Victim's Motive to Lie

Petitioner claims that counsel was ineffective for failing to introduce evidence that the victim had a motive to lie based upon a consensual rendezvous with Petitioner and fear of "repercussions of a jealous, angry husband." (Doc. 1,

26

petition). In addressing McCann's claim that trial counsel should have introduced

this evidence, which he contends establishes a motive to lie, as a means of

attacking the victim's credibility, the Superior Court found the following:

> Our review of the record confirms that trial counsel did not present
> evidence regarding the fact that the victim's husband was incarcerated
> or that she would see him the morning after the attack to drive him to
> work per the terms of his work release program. However, we cannot
> find that the omission of this evidence, in the face of the other
> evidence attacking the victim's credibility, caused Appellant
> prejudice. Trial counsel successfully introduced testimony, through
> multiple witnesses, contradicting the victim's account of the events.
> He also cross-examined the victim regarding the inconsistencies in her
> statements to the nurse, the officer and her testimony at trial. Through
> his examination of Appellant and cross-examination of the victim, trial
> counsel effectively informed the jury that the victim was drinking
> alcohol and smoking crack cocaine the evening of the events. In short,
> trial counsel thoroughly attacked the victim's credibility through a
> number of channels. We conclude that trial counsel's failure to
> introduce evidence that the victim would be seeing her incarcerated
> husband later that day does not render him ineffective.

(Doc. 14, Superior Court Opinion at pp. 9-11).

The state court's basis for finding that trial counsel was not ineffective for

failing to introduce evidence regarding the victim's incarcerated husband cannot be

said to be unreasonable based upon the record. Even if it could, it cannot be said

that the state court's inability to make a finding of prejudice on behalf of Petitioner

due to counsel's failure to offer this evidence is unreasonable in light of the multiple witnesses that were offered to contradict the victim's account of the events, and the cross-examination of the victim regarding inconsistencies in her statements to the nurse, the officer and her testimony at trial. Based on the foregoing, this habeas ground is without merit. Thus, habeas relief is unavailable under § 2254(d), and the Court will deny the petition.

An appropriate order is attached.

Dated: August 12, 2008

**United States District Judge**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD B. MCCANN,        :   CIVIL ACTION NO. 3:CV-07-1926
                       :
        Petitioner      :   (Judge Nealon)
                       :
    v.               :
                       :
MARILYN BROOKS,       :
                       :
        Respondent   :

## ORDER

**AND NOW, THIS 12th DAY OF AUGUST, 2008**, for the reasons set forth

in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    The petition for writ of habeas corpus, (Doc.1), is **DENIED** pursuant to 28 U.S.C. § 2254(d) and the procedural default doctrine.

2.    The Clerk of Court is directed to **CLOSE** this case.

3.    There is no basis for the issuance of a certificate of appealabilty.  See 28 U.S.C. § 2253(c).

**United States District Judge**